FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO SOLORIO, | No: 4:22-CV-5116-TOR |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| BENTON COUNTY JAIL and WASHINGTON STATE, | |
| Defendants. | |

By Order filed November 4, 2022, the Court advised Plaintiff of the deficiencies of his *pro se* civil rights First Amended Complaint ("FAC") and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 13. At that time, Plaintiff was a pretrial detainee housed at the Benton County Jail. The Court cautioned Plaintiff that if he failed to comply with the directives in the Order, the Court would dismiss the FAC for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). *Id.* at 18–19. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

ORDER DISMISSING ACTION -- 1

Specifically, Plaintiff's FAC does not comply with the requirements of Federal Rule of Civil Procedure 8(a)(2). Further, he asks for his current case to be overturned, and thus, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Additionally, the *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal proceedings, absent extraordinary circumstances not presented here. *See Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

On November 16, 2022, Plaintiff filed a construed Motion to Appoint Counsel and Motion for Extension of Time, asking for an extension of time until April 2023, "on all acts, dismissals/deadlines" because he would be in treatment starting on November 16, 2022, "and will be unable to do anything." ECF No. 14 at 1. At that time, Plaintiff was a pretrial detainee housed at the American Behavioral Health Systems in Chehalis, Washington.

On November 23, 2022, this Court granted in part Plaintiff's construed request for an extension of time. ECF No. 16. The Court allowed Plaintiff until February 15, 2023, to either dismiss his FAC or to file a Second Amended Complaint. *Id*. at 4.

ORDER DISMISSING ACTION -- 2

Plaintiff did not comply with the Court's Order and has filed nothing further in this action except for a Notice of Change of Address on January 11, 2023. ECF No. 19. Therefore, for the reasons set forth above and in the Court's prior Order, ECF No 13, **IT IS ORDERED:**

1. The First Amended Complaint, **ECF No. 8,** is **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but **without prejudice** to Plaintiff pursuing appropriate state appellate and federal habeas relief.

2. Based on this Court's reading of *Washington v. Los Angeles Cnty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g).

3. This case is **DISMISSED** and **CLOSED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.

DATED February 22, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING ACTION -- 3